UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

FURIE OPERATING ALASKA, LLC,  )
                              )
                   Plaintiff, )   3:12-CV-00158 JWS
                              )
              vs.             )   ORDER AND OPINION
                              )
U.S. DEPARTMENT OF HOMELAND   )
SECURITY; SECRETARY OF        )
HOMELAND SECURITY JEH         )   [Re: Motion at docket 75]
JOHNSON, in his official      )
capacity; U.S. CUSTOMS AND    )
BORDER PROTECTION; and ACTING )
COMMISSIONER DAVID V. AGUILAR,)
in his official capacity,     )
                              )
                              )
                  Defendants. )
_____)

## I. MOTION PRESENTED

At docket 75, plaintiff Furie Operating Alaska, LLC ("Furie") moves pursuant to 28 U.S.C. § 1292(b) to certify an interlocutory appeal from this court's order at docket 71 ("the Order") denying Furie's motion to dismiss. Furie's supporting memorandum is at docket 76. Defendants' opposition is at docket 80. Furie's reply is at docket 84. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Furie filed this lawsuit to challenge action by U.S. Customs and Border Protection

("CBP") which determined that Furie should pay a $15 million penalty for transporting merchandise from Texas to Alaska via Vancouver, British Columbia using a foreign vessel for a segment of the trip in violation of the Jones Act requirement that such transportation be accomplished using American vessels.[1]  The "merchandise" was the Spartan, a jack-up drilling rig which is itself a vessel.  Furie's complaint pled six claims for relief: (1) The penalty imposed was unlawful, because the Spartan was not being transported as merchandise, (2) the Secretary failed to exercise independent judgment when she denied a wavier requested by Furie which was arbitrary, capricious and an abuse of discretion, (3) the Secretary's refusal to grant a waiver when her predecessor had done so was an unexplained action which was arbitrary, capricious, and an abuse of discretion, (4) the Secretary's refusal to mitigate the $15 million penalty was also an arbitrary and capricious action which manifests an abuse of discretion, (5) the $15 million penalty violates the Excessive Fines Clause of the Eighth Amendment, and (6) the Secretary's treatment of Furie amounted to a denial of due process under the Fifth Amendment.[2]  In addition to Furie's claims, the lawsuit includes a counterclaim by Defendants alleging that "Furie's transportation of the Spartan Rig from Texas to Alaska, in part by a non-coastwise qualified vessel, violated the Jones Act"[3] which entitles the United States to recover a $15 million penalty from Furie ("the Counterclaim").

---

[1] 46 U.S.C. § 55102(b).

[2] Doc. 1.

[3] Doc. 38 at 57 ¶ 22.

The parties are familiar with the many other aspects of their dispute not summarized above. Readers who are not will find a much fuller recitation of the background facts in the Order.[4]

### III. DISCUSSION

Generally speaking a party may not appeal any decision by a district court which is not evidenced by a final judgment.[5] In the course of litigation, trial courts may render decisions on issues of law which do not result in a final judgment. Sometimes those decisions are erroneous and on rare occasions an appellate court's correction of the error without awaiting a final judgment will substantially advance society's interest in the prompt resolution of disputes. Recognizing that such circumstances arise from time to time, Congress enacted a statue authorizing interlocutory appeals in limited situations:

> When a district judge [issues an order] not otherwise appealable . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation, he shall so state . . . . The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken . . . .[6]

Furie argues that the Order should be certified for interlocutory review. Certification depends on whether the court finds that (1) the Order addressed a controlling question of law, (2) there is a substantial ground for difference of opinion as to that question, and (3) an immediate appeal would materially advance termination of this lawsuit.

---

[4]Doc. 71.

[5]28 U.S.C. § 1291; *Couch v.Telescope, Inc.*, 611 F.3d 629, 632 (9th Cir. 2010).

[6]28 U.S.C. § 1292(b).

With respect to the controlling question of law, Furie contends that this court incorrectly answered the following interrelated questions:

1. Whether CBP's interpretation of the term "merchandise" under the Jones Act as including vessels transported in the normal course of their maritime operations versus those transported in connection with their sale is permissible and entitled to *Chevron* deference or is reasonable and entitled to deference under *Skidmore*.

2. Whether CBP's interpretation of the Jones Act is applicable to the movement of vessels via dry-towing and the Coastwise Towing Statute as applicable to the movement of vessels via wet-towing is sufficiently persuasive to warrant deference under either *Chevron* or *Skidmore*.

Respecting the first question, the Order held that CBP's interpretation of the term "merchandise" as being applicable to the Spartan while it was being hauled on the deck of another vessel was entitled to *Chevron* deference, and that if it were not, the interpretation was entitled to *Skidmore* deference. Furie correctly maintains that deference to CBP's interpretation led the court to conclude that the Spartan was properly considered "merchandise" for purposes of the Jones Act. The second question is bound together with the first by Furie's argument that the Towing Statute governs the movement of vessels regardless of whether they are towed in the water (wet-towed), or moved as cargo aboard another vessel (dry-towed), and so a dry-towed vessel cannot be subject to treatment as merchandise under the Jones Act. The Order found that argument lacked merit and did not vitiate the deference owed to CBP's interpretation that the Spartan was transported as merchandise for purposes of the Jones Act.

Defendants contend that the Order does not reflect a decision on a controlling question of law. First, defendants urge that only one of Furie's six claims for relief was addressed by the Order. Technically, that is correct. However, had the court ruled that

-4-

the Spartan was not transported as merchandise that would have meant no penalty could be imposed, a decision which would moot not only Furie's other claims, but also the Counterclaim.

Defendants also advance a more refined reason why the Order does not reflect a controlling question of law. They point out if the court of appeals found deference were not due, this court would still have to determine *de novo* whether the penalty was properly imposed. In response, Furie suggests that if the Court of Appeals ruled that no deference were due, the appellate court could proceed on the existing record to determine that the Spartan was not transported in violation of the Jones Act. It is unnecessary to forecast exactly what the Court of Appeals might determine if it rejects deference, for even if after rejecting deference the appellate court returned the case to this court to conduct a *de novo* review, the appellate decision would establish that this court had rested a decision controlling the outcome of Furie's primary claim (and with it the subsidiary claims and the Counterclaim) on an erroneous view of the law. In sum, the Order does decide a controlling question of law.

Defendants also argue that allowing an interlocutory review of the Order's disposition of the deference issue would be inconsistent with the very narrow exception to the final judgment requirement of § 1291. Defendants contend that allowing interlocutory review here would turn the narrow exception created by § 1292(b) into the norm.[7] This argument is too vague to address directly, but to the extent it is meant to underscore the need to find the presence of all three elements identified in § 1292(b), it

---

[7]Doc. 80 at 4.

may be addressed by considering the other elements.

The parties disagree over whether there is a substantial ground for difference of opinion with respect to this court's conclusion that deference is owed to CBP's decision to treat the transportation of the Spartan as a transportation of "merchandise." The Ninth Circuit instructs that the substantial ground for difference of opinion arises when, "the circuits are in dispute as to the question and the court of appeals of the circuit has not spoken on the point (or) complicated questions arise under foreign law, or . . . novel and difficult questions of first impression are presented."[8] It is easily seen that the first two circumstances are not present here. Moreover, in this court's view the questions of deference decided in the Order is neither novel, nor unusually difficult.[9] What is unusual about this case is the creative argument advanced by Furie to tie interpretation of the Jones Act to interpretation of the Towing Act. Yet, a creative argument does not necessarily produce substantial grounds for difference of opinion. In the Order, the court distinguished the case law on which Furie attempted to rely. Having done that, this court is unaware of a single decision which conflicts with the Order. This is a significant consideration.[10] The ground for difference of opinion here is not substantial.

The third element that is generally to be considered is whether an immediate appeal would materially advance the termination of this lawsuit. However, having found that there is no substantial ground for difference of opinion, the court need not consider

---

[8] *Couch*, 611 F.3d at 633.

[9] *See* Order, doc. 71.

[10] *Couch*, 611 F.3d at 633.

the third element.

## IV.  CONCLUSION

For the reasons set out above, the motion at docket 75 is DENIED.

DATED this 1st day of July 2014.

                                         /S/
                              JOHN W. SEDWICK
                          UNITED STATES DISTRICT JUDGE