# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| FURIE OPERATING ALASKA, LLC, | ) |
| Plaintiff, | ) 3:12-CV-00158 JWS |
| vs. | ) ORDER AND OPINION |
| U.S. DEPARTMENT OF HOMELAND SECURITY; SECRETARY OF HOMELAND SECURITY JANET NAPOLITANO, in her official capacity; U.S. CUSTOMS AND BORDER PROTECTION; and ACTING COMMISSIONER DAVID V. AGUILAR, in his official capacity, | ) ) ) [Re: Motion at docket 97] ) ) ) ) |
| Defendants. | ) |

## I. MOTION PRESENTED

At docket 97, plaintiff Furie Operating Alaska, LLC ("Plaintiff" or "Furie") filed a motion to augment and compel completion of the administrative record. Its' supporting memorandum is at docket 98, and its' supporting exhibits are at dockets 100 through 104. Defendants U.S. Department of Homeland Security ("DHS"), Secretary of Homeland Security Janet Napolitano ("Secretary"), U.S. Customs and Border Protection ("CBP"), and CBP Commissioner Gil Kerlikowske (collectively, the "Government" or

"Defendants") respond at docket 109, raising new issues as to the reviewability of Furie's Administrative Procedure Act ("APA")[1] claims. Furie replies at docket 113.

## II. BACKGROUND

Furie filed this lawsuit to challenge action by CBP, which determined that Furie should pay a $15 million penalty for transporting merchandise from Texas to Alaska via Vancouver, British Columbia, using a foreign vessel for a segment of the trip in violation of the Jones Act requirement that such transportation be accomplished using American vessels.[2] Furie's complaint pled four claims for relief under the APA: (1) the penalty imposed was unlawful, because the Spartan was not being transported as merchandise; (2) the Secretary failed to exercise independent judgment when she denied a wavier requested by Furie which was arbitrary, capricious, and an abuse of discretion; (3) the Secretary's refusal to grant a waiver when her predecessor had done so was an unexplained action which was arbitrary, capricious, and an abuse of discretion; and (4) the Secretary's refusal to mitigate the $15 million penalty was also arbitrary and capricious in light of her statements where she said the agency would come up with an equitable way to allow transportation. Furie's complaint also pled two constitutional claims: (1) the $15 million penalty was unlawful and unenforceable because it constituted an excessive fine under the Eighth Amendment, and (2) the $15 million penalty was unlawful and unenforceable because Defendants violated Furie's due process rights.[3] In addition to Furie's claims, the lawsuit includes a counterclaim by Defendants alleging that "Furie's transportation of the Spartan Rig from Texas to

---

[1] 5 U.S.C. § 701 *et seq.*

[2] 46 U.S.C. § 55102(b).

[3] Doc. 1.

-2-

Alaska, in part by a non-coastwise qualified vessel, violated the Jones Act"[4] which entitles the United States to recover a $15 million penalty from Furie.[5]

The Government filed an administrative record at docket 91. Furie subsequently filed the motion to compel, arguing the record does not include communications and documents relevant to all of Furie's APA claims. It also filed exhibits of the materials it would like included in the record. These materials consist of communications and documents related to the Secretary's denial of Furie's Jones Act waiver request and the CBP's refusal to mitigate the $15 million penalty.

The Government filed a motion for an extension of time in which to respond to the motion to compel. It stated that it needed additional time "to review the motion, coordinate with the agency, and try to see if there might be agreement on some of the documents that Furie proposes to add to the administrative record."[6] The request was granted. The Government then filed its response, but rather than provide the court with its position on the requested expansion of the record, the Government presents an entirely new argument: it asserts that Furie's claims related to the waiver and mitigation decisions are not subject to APA review, and thus it did not need to produce an administrative record.

Furie filed a reply at docket 113. In the reply, Furie argues that the Government is inappropriately attempting to force a judgment on the merits through a response to a motion to compel and that the Government had an opportunity to raise such dispositive issues in a motion to dismiss but did not do so. Furie asserts that the Government's failure to address its substantive arguments about the expansion of the record should

---

[4]Doc. 38 at p. 57 ¶ 22.

[5]The parties are familiar with the details of their dispute not summarized above. Readers who are not will find a much fuller recitation of the background facts in the order at docket 71.

[6]Doc. 107 at p. 2.

be considered a concession. Furie also provides a response to the Government's reviewability arguments. The Government did not ask for a surreply or oral argument.

### III. DISCUSSION

The Court's review of agency action under the APA is based on the "whole record" that was before the agency at the time the challenged decisions were made.[7] The whole record "is not necessarily those documents that the *agency* had compiled and submitted as the administrative record."[8] Instead, the record must include "all documents and materials directly or *indirectly* considered by agency decision-makers . . . ."[9] Furie contends that the Government failed to provide materials that were both directly and indirectly considered by the Secretary and the CBP during their waiver and penalty mitigation decisions, which are the decisions Furie challenges in Counts II through IV. Its motion includes a detailed and persuasive discussion regarding what additional communications and documents should have been included in the record as to these claims. The Government chose not to provide the court with a clear position as to whether the communications and documents introduced by Furie in its' motion were directly or indirectly considered by the agency. Instead, it simply asserted that it "reserves the right to provide briefing" to address the substance of Furie's motion—that is, what should be included in the record—once the court determines whether the administrative decisions underlying Counts II-IV in Furie's complaint, which are the counts challenging the Secretary's decision regarding the Jones Act waiver and the CBP's penalty mitigation decision, are reviewable in the first instance.[10]

---

[7] 5 U.S.C. § 706.

[8] *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (internal quotations and citations omitted).

[9] *Id.*

[10] Doc. 109 at p. 4.

The Government has raised important issues about whether Counts II through IV of Furie's complaint are reviewable under the APA. It asserts that the court's subject matter jurisdiction "remains at issue." However, at this juncture, the court's subject matter jurisdiction is not at issue as there is no pending motion challenging such jurisdiction. The Government has not requested that these claims be dismissed; rather, it asks to be excused from providing a record. As such, Counts II-IV remain valid. As noted by Furie in its' reply brief, the Government's "arguments conflate the issues of reviewabiliity and the existence of an administrative record—indeed, whether Furie's claims are reviewable has no bearing on Defendant's obligation to file a record."[11] The Government had the opportunity to narrow the claims on such grounds earlier in the litigation but failed to do so. It now attempts to use its response to a procedural motion as a mechanism for advancing a decision on the merits. The court chooses not to proceed in this manner. The dispositive issues raised by the Government are better addressed separately in order to provide a chance for a full round of briefing and oral argument.

Returning to the substantive issues in the motion to compel, the court concludes that Furie has demonstrated that the administrative record at docket 91 is incomplete. Indeed, the Government's response brief failed to provide the court with an argument as to what should and should not be included in the record. While the Government attempts to reserve the right to provide an argument about the substance of the record at a later date, the response brief was the time to present such an argument and that time has passed. Further briefing on the matter will only delay resolution of the underlying claims.

### IV.  CONCLUSION

Based on the preceding discussion, Furie's motion to augment and compel completion of the administrative record at docket 97 is GRANTED.   Defendants are

---

[11]Doc. 113 at p. 6.

directed to file an amended certified administrative record containing all documents considered, directly or indirectly, during the administrative proceedings challenged in Counts II through IV of Furie's complaint, including the documents submitted by Furie as exhibits to the motion to compel, within 42 days of this order.

The court would like to resolve any reviewability and subject matter jurisdiction issues prior to the merit briefing. Therefore, the briefing schedule ordered at docket 96 is vacated. Within 14 days of filing the expanded certified record, the Government is directed to file a motion to dismiss based on the arguments presented in its' response brief. A briefing schedule will be set as needed upon the resolution of that motion.

DATED this 23rd day of December 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE